# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM A. HIMCHAK, III**, | : CIVIL ACTION NO. 1:14-CV-1640 |
| Plaintiff | : (Chief Judge Conner) |
| v. | : |
| **KATHLEEN KANE**, Attorney General of the Commonwealth of Pennsylvania, *et al.*, | : |
| Defendants | : |

## **ORDER**

AND NOW, this 25th day of September, 2014, upon consideration of the motion (Doc. 12) for reconsideration filed by *pro se* plaintiff William A. Himchak ("Himchak"), wherein Himchak seeks reconsideration of the court's order (Doc. 11) denying his motion (Doc. 10) for emergency injunctive relief, which asked the court to indefinitely continue the tax sale of his real property scheduled for September 22, 2014, pending resolution of the above-captioned litigation, and the court having concluded, based on the record evidence submitted by Himchak, that the tax sale pertains to a 2012 property tax assessment and not the appealed 2014 property tax assessment, (see id. Ex. 1 (notice of appeal hearing for 2014 tax assessment); Ex. 2 (correspondence from county director of tax services indicating that tax sale is the result of unpaid 2012 taxes)), and finding no indication in the record that Himchak has appealed or otherwise formally raised a legal challenge to the 2012 assessment, and the court emphasizing that the purpose of a motion for reconsideration is to

present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-CV-1530, 2014 U.S. Dist. LEXIS 96521, at *20 (M.D. Pa. July 16, 2014) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters already resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2007)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing that Himchak bases his motion on arguments identical to or expanding upon those previously raised before—and rejected by—the undersigned, and neither identifies nor substantiates a clear error of law in the court's prior

decision,[1] and accordingly fails to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED that Himchak's motion for reconsideration (Doc. 12) of the court's order (Doc. 11) dated September 22, 2014 is DENIED.

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania

---

[1] According to Himchak, the court's finding that the tax sale pertains to a 2012 tax assessment and his appeal pertains to a 2014 tax assessment is in error. Himchak alleges that he has formally appealed and legally challenged every tax assessment from "2010 to infinity," citing an assessment appeal form attached to his instant motion. Absent this fleeting reference to an "infinite" period of time, the balance of the record supports the court's finding that Himchak has not formally appealed the 2012 tax assessment. (See Doc. 10 Ex. 1 (notice of appeal hearing for 2014 tax assessment), Ex. 2 (correspondence from county director of tax services indicating that tax sale is the result of unpaid 2012 tax assessment)).