## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM A. HIMCHAK, III,                :
                                        :        CIVIL ACTION NO. **1:CV-14-1640**
                                        :
              Plaintiff                 :        (Chief Judge Conner)
                                        :
        v.                              :        (Magistrate Judge Blewitt)
                                        :
KATHLEEN KANE, *et al.*,                :
                                        :
                                        :
              Defendants                :

## REPORT AND RECOMMENDATION

### I.     BACKGROUND.

On August 22 2014, Plaintiff, William A. Himchak, III, a resident of 980 Cranberry Drive, Chambersburg, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff asserts due process claims in violation of his U.S. Constitutional rights and also due process claims in violations of his rights under Article VIII of the Pennsylvania Constitution. Plaintiff also asserts claims under RICO, 18 U.S.C. §1957.   Plaintiff names Seventeen (17) Defendants in his  Complaint.  (Doc. 1, pp. 8-9).  Plaintiff also filed a Motion to proceed *in forma pauperis*. (Doc. 2).

In his *in forma pauperis* Motion, Plaintiff indicated that he had been unemployed for over three years and that his wife works two part-time jobs.  Plaintiff also indicated that he owns real estate, namely, his home, and that he pays approximately $267.00 per month in real estate and school property taxes ("RESPT").  Plaintiff did not indicate if he pays any mortgage on his home and

---

[1]Plaintiff's *pro se* Complaint consists of seven (7) typed, single spaced pages, without separate numbered paragraphs in the Statement of Claim, and it had attached Exhibits.

he did not state the value of his home or how much equity he had in his home.  As such, we found Plaintiff's *in forma pauperis* Motion to be incomplete.

However, upon review of Plaintiff's first Exhibit attached to his Complaint, namely, a copy of Plaintiff's Franklin County Assessment Appeal filed on July 18, 2014, regarding his property located at 980 Cranberry Drive, Chambersburg, Franklin County, PA, Plaintiff purchased said property in June 2010, for $245,000.00, and he did not have any mortgage on his property.  Thus, since Plaintiff appeared to have approximately $245,000.00 in equity in his property located at 980 Cranberry Drive, Chambersburg, Franklin County, PA, we issued an Order denying his *in forma pauperis* Motion.

Specifically, on September 3, 2014, we issued an Order stating that Plaintiff's Motion for leave to proceed *in forma pauperis* (Doc. 2) with respect to the filing of his civil rights Complaint, pursuant to 42 U.S.C. §1983, is denied in light of the fact that Plaintiff appears to have approximately $245,000.00 in equity in his property located at 980 Cranberry Drive, Chambersburg, Franklin County, PA.  We also directed Plaintiff to pay the filing fee of $400.00 on or before September 22, 2014**,** or show cause why he was unable to do so.   (Doc. 5).

On September 9, 2014, Plaintiff filed a document styled "SHOW CAUSE - (IN FORMA PAUPERIS)." (Doc. 6).  Plaintiff attached Exhibits to his filing, including a copy of his 2013 Form 1040 federal income tax return he filed with his wife showing an adjusted gross income of $5,305. (Doc. 6-1). In his Doc. 6 filing, Plaintiff stated that he was attempting to show cause in response to our September 3, 2014 Order why he was unable to pay the full filing fee in this case despite the fact he has $245,000.00 in equity in his home located at 980 Cranberry Drive, Chambersburg,

2

Franklin County, PA. Plaintiff stated that he did not qualify to obtain a home equity loan or line of credit using his house as collateral since he had been unemployed for over three years and since his credit score was barely above 450. Plaintiff requested that the Court either grant his *in forma pauperis* Motion and waive the full filing fee, or partially grant his *in forma pauperis* Motion and direct him to pay a $200.00 filing fee by October 17, 2014. Plaintiff stated that he required additional time if the Court directed him to pay a partial filing fee, in part, because the Franklin County Board of Assessment and Revisions of Taxes would be conducting an appeal hearing regarding the assessment of Plaintiff's real estate on September 26, 2014. (*See* Doc. 6-1, p. 3).

Based on Plaintiff 's Doc. 6 filing describing his financial hardship, we granted, in part, his *in forma pauperis* Motion and directed Plaintiff to pay a partial filing fee of $200.00 by October 17, 2014. (Doc. 7).[2]

On September 19, 2014, Plaintiff filed an Emergency Motion for Preliminary Injunction with Attachments. (Doc. 10). On September 22, 2014, the Court issued an Order denying Plaintiff's an Emergency Motion for Preliminary Injunction. (Doc. 11). The Court stated in its Order that Plaintiff sought "a court order indefinitely continuing the tax sale of his property scheduled for [September 22, 2014], and specifically contends that a pending appeal of his 2014 property tax assessment compels an automatic stay of all tax sale proceedings... ." However, the Court stated

---

[2]We noted in our Doc. 7 Order that after Plaintiff's paid the partial filing fee, we would screen his Complaint. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604(Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners.); *Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002). We also noted that if the Court determined that Plaintiff could proceed on any of his claims against any Defendant, Plaintiff would be responsible for serving his Complaint on any remaining Defendant(s).

that it appeared the scheduled tax sale of Plaintiff 's property pertained to a 2012 tax assessment and not to a 2014 tax assessment which was the subject of Plaintiff 's pending appeal. Thus, since the Court found that there was no indication in the record that Plaintiff appealed or legally challenged his 2012 property tax assessment, the Court denied his Emergency Motion for Preliminary Injunction.

Plaintiff then filed four Motions for Reconsideration regarding the Court's September 22, 2014 Order, and they were all denied by the Court. (Docs. 12-19). The Court then remanded this case to the undersigned for further pre-trial matters.

Subsequently, Plaintiff paid his $200.00 partial filing fee.

Since Plaintiff filed a Motion to Proceed *in forma pauperis* (Doc. 2) and since we granted the Motion, in part, we are now required to screen his Complaint under 28 U.S.C. §1915(e)(2).[3] *See Henry v. Harrisburg Police Dept.*, Civil No. 1:13-CV-2740, M.D. Pa. ("[T]he screening requirements articulated in 28 U.S.C. §1915(e)(2) apply with equal force to prisoner and civilian litigants alike."); *McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604.

To date, Plaintiff's Complaint has not been served on any Defendant and no response to his Complaint is due by any Defendant at this time.[4]

In screening a Complaint, the Court uses the Rule 12(b)(6) motion to dismiss standard.

---

[3]As indicated above, the undersigned has been assigned this case for all pre-trial matters.

[4]We note that even though Notices of Appearance have been filed on behalf of some of the Defendants in this case, counsel for these Defendants should not respond to Plaintiff's Complaint until the Court completes the screening process. (Docs. 8 & 9).

## II.  MOTION TO DISMISS STANDARD.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court

is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## III. SECTION 1983 STANDARD.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362

---

[5]Plaintiff alleges in his pleading that some Defendants are state officials or state agents.

(1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.* It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.[6]

## IV.    DISCUSSION.

This Court has jurisdiction over Plaintiff's action based on federal question, 28 U.S.C. §1331. This Court also has jurisdiction with respect to Plaintiff's §1983 claims pursuant to 28 U.S.C. § 1343(a). This Court can exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). *See Dommel Properties, LLC v. Jonestown Bank and Trust Co.,*

---

[6]As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior. See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

2013 WL 1149265, *5 (M.D.Pa. March 19, 2013)(C.J. Connor).

As mentioned, since Plaintiff filed an *in forma pauperis* Motion and we granted it, in part, the Court is obliged to screen his pleading under 28 U.S.C. §1915(e) even though he is not a prisoner and he is not complaining about prison conditions. *See Henry v. Harrisburg Police Dept.*, *supra*. Therefore, §1915(e) obligates the Court to review a complaint filed by a litigant who is seeking to proceeding *in forma pauperis* and to dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). *See Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6.

The named Defendants in Plaintiff's Complaint are: Kathleen Kane, PA Attorney General; Tom Corbett, Governor of PA; PA Department of Education, Office of Chief Council; PA Department of Military & Veterans Affairs; PA Congressman Bill Shuster; PA Senator Richard Alloway, II; Franklin County Commissioner R. Thomas; Franklin County Commissioner D. Keller; Franklin County Commissioner R. Ziobrowski; Franklin County Tax Solicitor Mary Beth Shank; Franklin County Tax Claim Bureau ("FCTCB") and former Director Dennis R. O'Toole; FCTCB Tax Director Anita L. Keller; Franklin County Veterans Affairs ("FCVA") and Director Justin D. Slep; Franklin County Sheriff Dane Anthony; Chambersburg Area School District ("CASD") and Attorney Jerrold Sulcove of the CASD; Attorney Rhodia Thomas, Executive Director, Mid Penn Legal Services; and Attorney Brandon Copeland, Mid Penn Legal Services.

Plaintiff's claims relate to the real estate and school property taxes assessed on his house located at 980 Cranberry Drive, Chambersburg, Franklin County, PA. Plaintiff avers that the

Franklin County tax system, together with all of the named Defendants involved with the system, "engaged in deceptive and malicious taunting and unlawful criminal extortion, racketeering (RICO violations) posting (3) Sheriff['］s Sale Notices (on my property) denying my legal rights of Civil Due Process." Plaintiff states that "[s]ince 2010, Franklin County Commissioner's Office, Tax Director and Tax Solicitor (an Atty.) never filed Civil Summons for me to appear in court to rightfully dispute any said RESPT [real estate and school property taxes] claimed to be owed." Plaintiff states that due to the "habitual abuse of taxation schemes" he had to take legal recourse against many of the Defendants demanding, in December 2013 via a letter, "an immediate Cease & Desist Order for unlawful attempts and collection for RESPT [real estate and school property taxes]." Plaintiff also states that he met with some of the Defendants in February 2014, and essentially asked them to stop putting Tax Sale Notices on his property and to stop harassing him about RESPT. Plaintiff also appears to claim that the real estate and school property taxes were illegally derived at and that the Defendants who are involved with these taxes committed "tax fraud, conspiracy and engaged in aiding/abetting to Direct Criminal Extortion, Racketeering of RICO Statute against [him]." (Doc. 1, p. 2).

Plaintiff further indicates that the Franklin County real estate and school property taxes are unlawful and that they treat him as a tenant in his own home, which amounts to criminal extortion and racketeering in violation of the RICO statute. Plaintiff also states that the real estate and school property taxes on all private properties in Pennsylvania are "criminal extortion tax schemes." Plaintiff challenges the manner in which Franklin County, as well as all Pennsylvania counties, assesses real estate and school taxes on private properties.

Plaintiff avers that "[e]ngaging in Real Estate/Property Tax Assessment on my private property because of my property location and value is un constitutional because Assessment and Appraisals methods revert to 'cash-cow' criminal extortion of tax collection tactics" based on his house's location, size and type structure. Plaintiff also avers that the RESPT amounts to a "tax penalty" because he is "being unlawfully punished" due to his constitutional right to own his private house without the government and school placing liens on his property. Plaintiff states that the Franklin County tax assessment and Commissioner's Office as well as the school district have illegally imposed RESPT on property owners and that these taxes are unconstitutional and void. Plaintiff states that the RESPT are not uniformly imposed and are not equally applied. Plaintiff states that the "unconstitutional RESPT has created 'Domestic Terrorism' on [his] own private property by unlawful 'Mafia collection' tax extortion tactics to promote fear/intimidation, deadly threats and Domestic Terrorism of attempts to steal [his] private property by criminal extortion/racketeering under RICO violations." As such, Plaintiff alleges that the scheduling of his house for tax sale by some of the Franklin County Defendants amounts to a deprivation of his property without due process. (Doc. 1, pp. 2-5).

Plaintiff alleges that he informed several of the Defendants that his constitutional rights were being violated by the RESPT on his house and that these Defendants refused to investigate his tax appeals of his RESPT and, to commence criminal prosecution and make arrests.

Additionally, Plaintiff appears to challenge the tax sale scheduled for his home on September 22, 2014, by the Franklin County Tax Claim Bureau for unpaid 2012 property taxes. As stated above, since this Court found that there was no indication in the record that Plaintiff appealed or

legally challenged his 2012 property tax assessment, this Court denied his Emergency Motion for Preliminary Injunction on September 22, 2014. (Doc. 11).

As relief in his Complaint, Plaintiff requests compensatory and punitive damages due to the alleged unlawful collection of real estate and school property taxes on his property as well as an Order from this federal Court finding that real estate and school property taxes on private properties in all counties of Pennsylvania are unconstitutional. Plaintiff further seeks this federal Court to abolish real estate and school property taxes on all private properties in the entire Commonwealth of Pennsylvania.

At the outset, we find that Plaintiff's Complaint is not a proper pleading. We liberally construe the *pro se* Plaintiff's Complaint and find that this federal Court lacks subject matter jurisdiction over his federal claims. Plaintiff is challenging the RESPT imposed on his house in Franklin County as well as the tax sale scheduled for his house by the Franklin County Tax Claim Bureau for unpaid 2012 property taxes. Plaintiff is also challenging real estate and school property taxes on all private properties in the entire Commonwealth of Pennsylvania. Plaintiff's Complaint is filled with legal conclusions and Plaintiff's interpretation of constitutional and statutory law. We find that Plaintiff's Complaint is not in conformance with Rule 8. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does

not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted."); *Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *5("Although facts alleged in the complaint must be taken as true, the court may disregard any legal conclusions.")(citing *Fowler*, 578 F.3d at 210-11); *Reisinger, supra* ("[A] complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts")(citing *Philips v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008)).

Initially, we note that to the extent that Plaintiff is asking this Court to file federal and state criminal charges, including criminal RICO violations for alleged "criminal extortion," and initiate criminal prosecution against Defendants, this Court cannot grant as relief in the present case the initiation of criminal prosecution.  The Third Circuit has held that a private person could not impose criminal liability on a defendant because he lacked standing to do so.  *See Conception v. Resnik*, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action.   *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10). Thus, insofar as Plaintiff is seeking this Court to arrest, prosecute and punish Defendants for their alleged unconstitutional and criminal behavior, this request is subject to dismissal with prejudice.  *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012).

Additionally, any claims for damages that Plaintiff is making under the Pennsylvania Constitution are subject to dismissal with prejudice as a matter of law.  *See Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327, n. 13 (M.D. Pa. 2011)("Pennsylvania has no statutory equivalent to 42

U.S.C. §1983, which provides a private right of action for a federal constitutional violation.")(citations omitted). *See Sze v. Pui-Ling Pang*, Civil No. 12-0619, M.D. Pa. (4-16-14 Memorandum, p. 8, J. Kane).

We find that there are no allegations of personal involvement by Defendants numbers 1-6 named in the caption of Plaintiff's Complaint. (Doc. 1, p. 1). These six Defendants are: Kathleen Kane, PA Attorney General; Tom Corbett, Governor of PA; PA Department of Education, Office of Chief Council; PA Department of Military & Veterans Affairs; PA Congressman Bill Shuster; and PA Senator Richard Alloway, II.

The law is clear that §1983 does not create a cause of action. *See Doe v. Delie*, 257 F.3d 309, 314 (3d Cir. 2001). In a §1983 action, the Plaintiff must prove an underlying statutory or constitutional violation in order to prevail. *Id.*

The Court in *Rogers v. U.S.,* 696 F.Supp.2d 472, 488 (W.D. Pa. 2010), repeated the personal involvement necessary in civil rights action, and stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id. quoting Brown v. Grabowski,* 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied,* 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Section 1983 liability cannot be predicated solely on *respondeat superior. Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she

was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

We do not find that the Plaintiff has specifically stated the personal involvement of Defendants 1-6 with respect to his constitutional claims. Plaintiff simply alleges that he tried to contact the offices of these Defendants, including the offices of the Governor and the Attorney General, to complain about public corruption regarding the collection of RESPT in Franklin County and how it amounted to "criminal extortion" and violated his constitutional rights.

Moreover, we find it would be futile to allow Plaintiff to amend his pleading as to his Defendants 1-6 since, as discussed below, we find that this Court lacks subject matter jurisdiction over Plaintiff's Complaint and Plaintiff's present claims under the Tax Injunction Act.

Further, Defendants PA Department of Education, Office of Chief Council, and PA Department of Military & Veterans Affairs are not proper Defendants in a §1983 action and they are entitled to Eleventh Amendment immunity as state agencies. These two Defendants, as agencies of the Commonwealth of Pennsylvania, are clearly entitled to Eleventh Amendment immunity with respect to Plaintiff's claims under §1983. *Keisling v. Renn*, 425 Fed.Appx. 106, 109 (3d Cir. 2011). Plaintiff does not contend that these two Defendants have waived immunity or consented to his §1983 civil rights action. Further, these Defendants have not waived Eleventh Amendment immunity. *Keisling v. Renn*, 425 Fed.Appx. at 109. Thus, we find that Plaintiff's claims against the stated two Defendants should be dismissed with prejudice since any amendment with respect to these Defendants is futile. *Keisling v. Renn*, 425 Fed.Appx. at 109.

As mentioned, we find that Plaintiff's instant claims against Defendants PA Department of

Education, Office of Chief Council, and PA Department of Military & Veterans Affairs are barred under the Eleventh Amendment. We find that Plaintiff cannot proceed with respect to his §1983 case against these two Defendants, agencies of the Commonwealth of Pennsylvania, because it is barred under the Eleventh Amendment. *See Keisling v. Renn*, 425 Fed.Appx. at 109. In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), the Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

Thus, since we find that Plaintiff's claims against Defendants PA Department of Education, Office of Chief Council, and PA Department of Military & Veterans Affairs are barred by the Eleventh Amendment, we shall recommend that these Defendants be dismissed with prejudice. Based upon the above, we find futility in allowing Plaintiff to amend his constitutional claims as against the stated two Defendants. *See Democracy Rising PA v. Celluci, supra*; *Grayson v. Mayview State Hosp., supra* (*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

15

Additionally, insofar as Plaintiff is seeking damages against the state actor Defendants, such as Corbett and Kane, in their official capacities, he is barred from doing so. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). Thus, to the extent Plaintiff is requesting damages, he cannot sue the state actor Defendants in their official capacities. As such, we will recommend that Plaintiff's claims for damages against the state actor Defendants in their official capacities be dismissed with prejudice since we find it would be futile for the Court to allow Plaintiff to amend these claims.

Plaintiff is also statutorily precluded from recovering punitive damages against local governmental agencies like several of his Franklin County Defendants, but not against the individual Defendants. The Supreme Court has determined that, absent a statute to the contrary, punitive damages cannot be awarded against a government entity. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748 (1981). However, this preclusion of a punitive damages remedy does not apply to the individual defendants. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625 (1983). In *Smith*, the Court held that punitive damages may be recovered from individual defendants in certain §1983 cases. Thus, we will recommend that Plaintiff's claims for punitive damages against the Defendants which are local governmental agencies be dismissed with prejudice since it is futile to allow Plaintiff to amend these claims.

Next, Plaintiff's claims against Defendants FCTCB, FCVA and CASD must be analyzed in accordance with *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978). *Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *9; *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008). "In *Monell* [], the Supreme Court held that municipalities

and other local government entities may be held liable under §1983." *Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *9(citation omitted). Since Defendants FCTCB, FCVA and CASD are local governmental units, the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 639 F. Supp.2d 566 (E.D. Pa. 2009); *Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *9.

As the *Malles* Court stated:

> According to the teaching of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell,* 436 U.S. at 690, 98 S.Ct. 2018.

639 F. Supp.2d at 576.

As in the *Dommel Properties* case, we find that our Plaintiff "[has] pled no facts tending to show either a policy or custom on the part of [Defendants FCTCB, FCVA and CASD] to engage in deprivations of [his] procedural or substantive due process rights." Also, as in the *Dommel Properties* case, all of Plaintiff's allegations of wrongdoing attributed to Defendants FCTCB, FCVA and CASD derive from the alleged misconduct of the individual Defendants who worked for these Defendants. Plaintiff cannot hold Defendants FCTCB, FCVA and CASD liable under the theory of *respondeat superior*. *Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *9(citation omitted).

We find that Plaintiff has not properly stated a municipal liability claim under *Monell* against Defendants FCTCB, FCVA and CASD with respect to any of his constitutional claims. Also, as

stated, Defendants FCTCB, FCVA and CASD  cannot be held liable for the conduct of persons they supervise pursuant to *respondeat superior* as Plaintiff attempts to do in this case with respect to all of his claims. *Id.*  Rather, Defendants FCTCB, FCVA and CASD are subject to liability to the extent they maintain an unconstitutional custom or policy that caused the alleged constitutional violation. *Id.*(citation omitted).   We find that Plaintiff's Complaint fails to establish an unconstitutional policy and fails to establish a direct causal link between the municipal policy or custom and any alleged constitutional deprivation.

As the *Kokinda* Court stated:

> A municipality cannot be held liable for the actions of its employees under § 1983 based upon *respondeat superior*. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  However, "the government as an entity is responsible under § 1983" when it "caused" the Plaintiff's injury; that is, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694, 98 S.Ct. 2018.  Where, as here, Plaintiff alleges that the flawed policy is a failure to train, the municipality can be held liable when "'that failure amounts to "deliberate indifference . . . [to the constitutional rights of persons with whom the police come in contact.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted).  There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate 'constitutional'' injury." *Id.*  at 325 (citations omitted).

> To survive a motion to dismiss, the plaintiff must "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." *Grayson v. May view State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

*Kokinda*, 557 F. Supp. 2d at 590-91.

Plaintiff does not make any allegations against Defendants FCTCB, FCVA and CASD necessary to make them subject to municipal liability in a § 1983 action. We find that Plaintiff has not sufficiently stated a claim under *Monell* against Defendants FCTCB, FCVA and CASD with respect to any of his constitutional claims. Based on *Kokinda,* and *Malles*, as well as *Dommel Properties,* we find Plaintiff's allegations do not sufficiently state that Defendants FCTCB, FCVA and CASD caused any alleged conduct of the individual County Defendants by having a custom, policy, practice and procedure, and how this policy gave rise to the constitutional violations alleged in the Complaint. Therefore, we will recommend that Defendants FCTCB, FCVA and CASD be dismissed with prejudice.

As mentioned, Plaintiff is challenging, in part, the RESPT imposed on his house in Franklin County as well as the tax sale scheduled for his house by the Franklin County Tax Claim Bureau for unpaid 2012 property taxes. While it is difficult to comprehend Plaintiff's rambling allegations, Plaintiff also appears to challenge the legality of the RESPT as they apply to all private properties in Pennsylvania and, he claims that these taxes are not uniformly applied, are discriminatory and constitute tax fraud. Plaintiff states that the RESPT are not uniform because they only apply to property owners in the county and not to all county residents, such as renters. Thus, Plaintiff claims that the RESPT are based on invalid laws and are void, and that the attempts by the county Defendants to collect these taxes from him are unconstitutional. (Doc. 1, pp. 2-4).

Plaintiff further states that the real estate property tax imposed on his house is unlawful and that it is based on an assessment of his real estate that is discriminatory and unconstitutional. Plaintiff also states that the RESPT makes Franklin County the landlord of his property, places

"invisible liens" on his property, and allows the county to illegally use his property for taxable income, namely, by collecting the property tax from him. Plaintiff also states that the real estate property tax assessment on his house based on his house's value, size, structure type and location is discriminatory and unconstitutional. (Doc. 1, pp. 2-4).

As stated, Plaintiff concludes that the "RESPT has created Domestic Terrorism' on [his] own private property by unlawful 'Mafia collection' tax extortion tactics to promote fear/intimidation, deadly threats and Domestic Terrorism of attempts to steal [his] property by criminal extortion/racketeering under RICO violations." *(Id.*, p. 5).

Further, Plaintiff claims that the county Defendants engaged in tax discrimination since the county only affords disabled veterans tax exemption and not non-disabled veterans such as himself. Plaintiff states that his "local Veterans Affairs Office Director and Tax Director approved [of his] Veterans Tax Exemption application for immediate refund of all overpayment of RESPT (with penalty/interest) retroactive since 2110**."** *(Id.*, p. 6). Plaintiff alleges that the county Defendants engaged in unconstitutional tax discrimination since they segregated veterans into two classes, namely, disabled and non-disabled, and unlawfully decided that only disabled veterans were entitled to tax exemption. Plaintiff alleges that the Defendant County officials told him that the county did not have a non-disabled veterans tax exemption program. Plaintiff claims that this amounts to unlawful discrimination by the county since the county affords tax exemptions to disabled veterans and to senior citizens but to non-disabled veterans, like himself.

Plaintiff states that Defendants are liable for punitive damages to him in the amount of $15.5 million "for violent abuse of tax collection scheme unlawfully assuming [he] [as a private property

owner] owed any 'RESPT' without valid legal proof (or Judgment) of owing RESPT."  (*Id.*, p. 7).

Based on the foregoing , we find that Plaintiff is alleging that the laws authorizing Franklin County to impose school and real estate property taxes on his house are inherently constitutionally deficient.   As such, we find that the Tax Injunction Act ("TIA"), 28 U.S.C. §1341, applies to this case since "the effect of the [Plaintiff's] lawsuit is to challenge the 'assessment, levy or collection' of a tax."   *Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *6.[7] We find that, to the extent Plaintiff is challenging the Franklin County tax system and the manner in which its agencies assess properties with respect to the school and real estate taxes, this federal Court lacks subject matter jurisdiction over such a challenge under the Tax Injunction Act.[8] We find that Plaintiff Himchak is essentially seeking this Court to declare Franklin County Defendants' tax system used to assess real estate and school taxes on private property, such as based on the size, location and structure of a house, as well as their methods used to collect real estate and school taxes as unconstitutional.   Plaintiff is also claiming  that the Franklin County Defendants' assessment of real estate and school taxes is not uniformly applied and is

---

[7]We note that in the *Dommel Properties* case this Court found the Tax Injunction Act applied to its Plaintiffs' action, but found that the available state remedies provided by the Lebanon County Court of Common Pleas did not provide its Plaintiffs with a full and fair opportunity to raise their constitutional claims with respect to the tax sale and the tax sale procedures used by Defendants to sell their properties, *i.e.*, the Plaintiffs claimed that the real estate tax sale procedures deprived them of their due process rights.   Thus, this Court in the *Dommel Properties* case found that since its Plaintiffs could not raise their constitutional claims in the state court, it had subject matter jurisdiction to hear the claims of its Plaintiffs.

[8]Even though we are presently screening Plaintiff's Complaint, this Court can consider whether it lacks subject matter jurisdiction over Plaintiff's present claims under the Tax Injunction Act, since "subject matter jurisdiction may be considered by the court *sua sponte*." *Reisinger*, *supra*. (citation omitted).

unconstitutional.  As stated, Plaintiff seeks both damages (compensatory and punitive) and injunctive relief in his Complaint, *i.e.*, to "immediately abolish" RESPT on all private properties in Pennsylvania and to convert RESPT in Pennsylvania to a "State Revenue Tax" system.  (Doc. 1, p. 7).  We do not find that Plaintiff Himchak is merely claiming that the real estate tax sale procedures in Franklin County are unconstitutional.  Rather, Plaintiff Himchak is claiming that the entire system used by Franklin County, as well as all counties in Pennsylvania,  to assess real estate and school property taxes on private property is unconstitutional and should be abolished.  Thus, we find that Plaintiff Himchak's claims are much broader than the claims of the Plaintiffs in the *Dommel Properties* case since Himchak is challenging the constitutionality of the entire RESPT system in Pennsylvania  and seeks this Court to abolish it on a state-wide basis.

In *Gass v. County of Allegheny, PA*, 371 F. 3d 134, 136 (3d Cir. 2004), the Third Circuit stated:

> The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982).

*See also Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *6.

The TIA also applies to damages actions brought under §1983. *Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *6 (citation omitted).  "Actions for damages under §1983 fall within the TIA's prohibition because they necessarily interfere with the revenue

collection abilities of the state." *Id.* (citations omitted). As stated, we find that Plaintiff Himchak directly challenges the entire system used by all counties in Pennsylvania to assess real estate and school property taxes on private property and, he claims that the imposition of such taxes on his house is unconstitutional. Plaintiff Himchak seeks both damages and injunctive relief, and his action "would [] disrupt the orderly collection of revenue—precisely the concern that the TIA speaks to." *Id.* at *7(citations omitted). Thus, we find that the TIA applies to Plaintiff Himchak's case. *See Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *7; *Agarwal v. Schuykill County Tax Claim Bureau,* 2010 WL 5175021, *13-*14 (M.D.Pa. July 27, 2010), adopted by 2010 WL 5175003 (M.D.Pa. Dec. 15, 2010), affirmed by 442 Fed.Appx. 733 (3dCir. 2011). "Because the TIA applies to [Plaintiff's] suit, this court lacks jurisdiction to hear [his] claims against the county Defendants if the available state remedies are 'plain, speedy and efficient.'" *Dommel Properties, LLC v. Jonestown Bank and Trust Co.*, 2013 WL 1149265, *7(citations omitted).

Plaintiff Himchak challenges the methods used by Franklin County Defendants to impose and collect real estate and school taxes on his private property located in Franklin County. These responsibilities fall within the Tax Injunction Act. Plaintiff seeks this Court to find that Franklin County Defendants' methods (as well as the methods of all Pennsylvania counties) of assessing and imposing real estate and school taxes on private property are unconstitutional.

"The Tax Injunction Act divests federal courts of jurisdiction only if the state fails to provide a 'plain, speedy and efficient' remedy in its court." *Gass v. County of Allegheny, PA*, 371 F. 3d at 137. The Third Circuit construes narrowly the "plain, speedy and efficient" exception to the Tax Injunction Act. *Id.* Also, the Third Circuit has held that "Pennsylvania provides a 'plain, adequate

and complete' remedy for §1983 Plaintiffs challenging state taxation policies." *Id*. at 138 (quoting *Balazik v. County of Dauphin*, 44 F. 3d 209 (3d Cir. 1995)).

As the *Gass* Court stated, "[t]he Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review." *Id*. at 139. Plaintiff Himchak is required to pursue his statutory and administrative remedies under Pennsylvania law to challenge the assessment of school and real estate taxes on his private property in Franklin County. *Id*. The *Gass* Court, citing the United States Supreme Court in *Rosewell v. La Salle Nat. Bank*, 450 U.S. 503, 522 & n. 29 (1981), stated that "'first and foremost', the [Tax Injunction] Act was designed to prohibit federal judicial interference with local tax collection." *Id*. at 140. The *Gass* Court concluded as follows:

> Lastly, Appellants argue that the Tax Injunction Act is unconstitutional to the extent that it deprives them of a forum to adjudicate their constitutional claims. This argument is baseless. Because the Tax Injunction Act only prohibits federal jurisdiction where there is a "plain, speedy, and efficient" remedy at state law, the Act clearly provides for a forum in which Appellants may grieve their alleged deprivation. Where the state forum is adequate, parties may assert their constitutional claims in state court; where the state forum is inadequate, parties may sue in federal court. Because the Pennsylvania state courts are open to Appellants, they may (continue to) pursue their constitutional claims in state court. FN3
>
> > FN3. Because the federal courts do not have jurisdiction to review Appellants' claim, we need not address the substance of Appellants' claim regarding the use of *ex parte* evidence during the appeals process.

*Id*. at 141.

We find that the Pennsylvania state courts provide Plaintiff Himchak with "plain, speedy and efficient" remedies to raise all of his constitutional challenges to the assessment of school and real

estate taxes on private properties in Franklin County, as well as all Pennsylvania counties, and to Plaintiff's claims challenging the constitutionality of the entire RESPT system in Pennsylvania. *See Church of the Overcomer v. County of Delaware*, 2013 WL 5942378, *2 (E.D.Pa. Nov. 6, 2013)("[T]he Third Circuit Court of Appeals has held unambiguously that Pennsylvania's state courts provide a 'plain, speedy and efficient' remedy for challenges to a county's assessment of real property taxes." (citing *Hill v. Carpenter*, 323 Fed.Appx. 167, 171 (3d Cir. 2009)(quoting *Gass v. County of Allegheny, PA*, 371 F. 3d at 137-38)). Indeed, Plaintiff recently submitted an Exhibit which shows that on July 18, 2014, he filed an Assessment Appeal regarding his 2014 tax assessment on his house with the Franklin County Board of Assessment and Revision of Taxes. (Doc. 12-1, p. 1). Plaintiff also submitted an Exhibit with his Injunction Motion indicating that his Assessment Appeal Hearing was scheduled for September 26, 2014. (Doc. 10-1). Thus, "because [Plaintiff is] challenging the validity of state taxes, and because an adequate remedy exists at the state level, the action must be dismissed for lack of subject matter jurisdiction." *Id.*

Therefore, we shall recommend that the Court dismiss Plaintiff's Complaint (Doc. 1), in its entirety, with prejudice for lack of subject matter jurisdiction.[9] Since we find that the Court lacks subject matter jurisdiction over Plaintiff's Complaint and his constitutional claims under the Tax Injunction Act, we find futility in allowing Plaintiff leave to amend his Complaint. *Id.*

---

[9]Since we find that this Court lacks subject matter jurisdiction over Plaintiff's Complaint and his present claims under the Tax Injunction Act, we do not further discuss whether Plaintiff has stated any cognizable constitutional claims, such as his Fourteenth Amendment procedural and substantive due process claims and his equal protection claim. *See Church of the Overcomer v. County of Delaware*, 2013 WL 5942378, *2; *Gass v. County of Allegheny, PA*, 371 F. 3d at 141 n. 3. Nor do we address whether Plaintiff has stated any civil RICO claims.

## V.    RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that the Court  dismiss Plaintiff's Complaint **(Doc. 1)**, in its entirety, with prejudice for lack of subject matter jurisdiction under the Tax Injunction Act.

Further, it is  recommended that the Court close Plaintiff's case.



 _s/ Thomas M. Blewitt_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**



**Dated:   November 13, 2014**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM A. HIMCHAK, III,        :
                                       :      CIVIL ACTION NO. **1:CV-14-1640**
                                       :
           Plaintiff           :      (Chief Judge Conner)
                                       :
           v.                :      (Magistrate Judge Blewitt)
                                       :
KATHLEEN KANE, *et al.*,         :
                                       :
                                       :
          Defendants    :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 13, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.




**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**




**Dated: November 13, 2014**