# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM A. HIMCHAK, III,** | : | CIVIL ACTION NO. 1:14-CV-1640 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **KATHLEEN KANE**, Attorney General of Pennsylvania, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 24th day of March, 2015, upon consideration of the report (Doc. 20) of Magistrate Judge Thomas M. Blewitt, recommending the court dismiss *pro se* plaintiff's complaint with prejudice, wherein Judge Blewitt specifically finds that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, divests the court of subject matter jurisdiction to entertain plaintiff's constitutional challenges to real estate and school property taxes, both in Franklin County, Pennsylvania, and statewide, see 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."), and observes that the Supreme Court of the United States has applied the TIA to prohibit both requests for injunctive relief and for declaratory judgment, see Gass v. Cnty. of Allegheny, 371 F.3d 134, 136 (3d Cir. 2004) ("Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that

the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional.") (citing California v. Grace Brethren Church, 457 U.S. 393, 408 (1982)), and wherein Judge Blewitt concludes that plaintiff's pleading is deficient for copious other reasons, *to wit*: (1) failure to comply with Federal Rule of Civil Procedure 8(a); (2) failure to establish personal involvement of Kathleen Kane, Attorney General of Pennsylvania, Tom Corbett, former governor of Pennsylvania, Pennsylvania Congressman Bill Schuster, Pennsylvania Senator Richard Alloway, II, and the Pennsylvania Departments of Education and Military & Veteran Affairs; (3) failure to overcome the sovereign immunity bar with regard to the Departments of Education and Military & Veteran Affairs; and (4) improperly attempting to initiate criminal proceedings as a private person, (see Doc. 20 at 11-18), and, following an independent review of the record, the court in agreement with the magistrate judge that plaintiff's complaint must be dismissed for lack of subject matter jurisdiction, and that such dismissal should be with prejudice as plaintiff cannot overcome the bar to injunctive and declaratory relief established by the Tax Injunction Act, and the court noting that plaintiff has objected (Doc. 25)[1] to the report, and that several defendants filed a response (Doc.

---

[1] When a party objects to a magistrate judge's report and recommendation, the district court performs a *de novo* review of the contested portions of the report. See Behar v. Pa. Dep't of Trans., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)).  In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections." LOCAL RULE OF COURT 72.3; also Behar, 791 F. Supp. 2d at 389 (citing Shields v. Astrue, Civ. No. 07-417, 2008 U.S. Dist. LEXIS 74519, at *6 (M.D. Pa. Sept. 8, 2008)).

26) to plaintiff's objections, and the court finding plaintiff's objection to be without merit and squarely addressed by Judge Blewitt's report,[2] it is hereby ORDERED that:

1. The report (Doc. 20) of Magistrate Judge Blewitt is ADOPTED in its entirety.

2. Plaintiff's complaint (Doc. 1) is DISMISSED with prejudice.

3. Plaintiff's motion (Doc. 27) for correction to deed and motion (Doc. 31) for judicial intervention are DENIED.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Plaintiff filed an objection on January 8, 2015. (See Doc. 25). Thereafter, plaintiff filed sundry other documents, including: (1) a motion (Doc. 27) styled as a "MOTION – CORRECTION – TO DEED," wherein plaintiff reiterates his request to commence criminal proceedings against certain defendants and grant injunctive relief; (2) a brief (Doc. 28) in response to defendants' opposition papers, wherein plaintiff restates his objections to the report; (3) an untitled filing (Doc. 29) wherein plaintiff again reiterates his claims and requests that the court mail "this entire package" to several individuals, including defense counsel in this matter, plaintiff's criminal attorney in a state court matter, an apparent tax sale purchaser of his home, and the Federal Bureau of Investigation; (4) an untitled filing (Doc. 30) wherein plaintiff suggests that the state criminal proceedings against him are unlawful; and (5) a motion (Doc. 31) requesting "immediate intervention" by this court in the underlying state court tax proceedings. These filings merely restate the untenable arguments raised before and rejected by the magistrate judge and are equally without merit.